| | |
|---|---|
| Mary G. Thompson (SBN 249200) | Tim J. Vanden Huevel (SBN 140731) |
| LAW OFFICES OF ERIC F. FAGAN | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 2300 Boswell Rd. Suite 211 | 550 West "C" Street, Suite 800 |
| Chula Vista, Ca. 91914 | San Diego, CA 92101 |
| mt@efaganlaw.com | vanden@lbbslaw.com |
| Phone: 619-656-6656; fax: 775-898-5471 | Phone: 619-233-1006; Fax: 619-233-8627 |
| Attorney for Plaintiff | Attorney for Defendant Creditors Interchange |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SHANA Y. DUNN, an individual;              ) Civil Case No.: ED CV 07-01197
                                           ) VAP (OPx)
             Plaintiff                     )
                                           )
v.                                         ) STIPULATED PROTECTIVE ORDER
                                           )
CREDITOR'S INTERCHANGE                     )
RECEIVABLE MANAGEMENT, LLC; KEN            )
CASHMAN, an individual; SEAN MARTIN,       )
an individual; and DOES 1 through 10       )
inclusive,                                 )
                                           )
                                           )
                                           )
                                           )

1. <u>PURPOSES AND LIMITATIONS</u>

    Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or the resolution of this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection is affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1

## 2. DEFINITIONS

When used in this Order, the following words shall have the following meanings:

    2.1    "Documents" means (1) all written, recorded or graphic matter whatsoever and information produced on computer disks or tapes, including all "writings" as the term is defined by Rule 1001(1), Fed. R. Evid., and (2) any copies, reproductions or summaries of the foregoing, including microfilmed, imaged or electronic copies.

    2.2    "Discovery Materials" means (1) Documents or other information produced by any party or third person, whether pursuant to the Federal Rules of Civil Procedure, by subpoena or by agreement, other than Documents which are publicly available; (2) interrogatory or other discovery responses; and (3) deposition testimony of any party or third person taken in this action, exhibits thereto and/or any videos or transcripts thereof, whether in written or computer format, and all contents of the foregoing.

    2.3    "Producing Party" means any party or third person producing Discovery Materials, whether pursuant to the Federal Rules of Civil Procedure, by subpoena or by agreement.

    2.4    "Disclose" (and any variant thereof) means to show, give, make available, reproduce or communicate any Discovery Materials, or any part or content thereof.

    2.5    "Confidential Discovery Materials" means any Discovery Materials which are designated in good faith as "Confidential" by any party or third person. Confidential Discovery Materials are those materials encompassed by FRCP 26(c)(1)(7) which contain, information or Documents that constitute or contain trade secrets or other confidential research, development or commercial information which may include proprietary information such as costs, pricing, budgets, customer lists and data, distributor lists and agreements, personnel files and other private and personal information relating to employees, product formulations, manufacturing procedures and standards, financial data, identity of suppliers, identity of manufacturers, trade secrets, consumer data, confidential research, business plans, strategies and data, marketing plans and strategies and any other confidential or proprietary information not shared or disclosed to third parties.

    2.6    "Restricted Discovery Materials" means any Confidential Discovery Materials that are designated in good faith as "Restricted" by any party or third person, consisting of highly confidential proprietary information such that restricted access is necessary because the disclosure of such information

1 would be likely to cause substantial competitive harm.

2　　　　2.7　"Attorneys of Record" means attorneys of record for any of the Parties to this action, members of the firm of the attorneys of record for the Parties, and in-house attorneys who are employed by one or more of the Parties.

3. SCOPE

　　　3.1　Any Confidential or Restricted Discovery Materials produced by the Producing Party and designated as such shall be solely for the purposes of this litigation, except by agreement of the parties or subject to a court order. Otherwise, except by order of the Court, neither Confidential nor Restricted Discovery Materials shall be used by any party other than the Producing Party for any other purpose, including, without limitation, any business or commercial purpose.

　　　3.2　Neither Confidential nor Restricted Discovery Materials shall be Disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order.

　　　3.3　Subject to the terms, conditions, and restrictions of this Order, Confidential Discovery Materials may be Disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular Confidential Discovery Materials Disclosed to them:

　　　　　(a)　Persons employed by the Court and jury in connection with the handling of this action;

　　　　　(b)　Attorneys of Record;

　　　　　(c)　Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

　　　　　(d)　Current employees, officers, partners or directors, representatives and agents of the Parties;

　　　　　(e)　Former employees, officers, partners or directors of the Parties who are potential witnesses or deponents;

　　　　　(f)　Outside experts or consultants, to the extent Attorneys of Record determine in good faith that such Disclosure is required to assist in the prosecution, defense or resolution of this action on a need-to-know basis, provided that (i) the Attorneys of Record not less than five (5) days prior to any disclosure give written notice to the opposing party that Confidential Discovery Materials will be shown to an expert or consultant and confirming that such expert or consultant is not presently employed, nor

1  employed within the last four years, by a Competitor of the opposing party listed on Exhibit B, (ii) the
2  aforementioned notice to the opposing party need not identify the expert or consultant by name, (iii) prior to
3  any disclosure the Attorney of Record must obtain such expert's or consultant's agreement to the Non-
4  Disclosure Agreement described in paragraph 3.5 below, (iv) file the executed Non-Disclosure Agreement
5  under seal with the Court within ten (10) days accompanied by a written statement briefly setting forth the
6  need-to-know basis for the disclosure, and (v) serve the opposing party with a proof of service memorializing
7  the filing under seal of the executed Non-Disclosure Agreement and written statement;
8         (g)    Certified shorthand reporters and videotape operators for the purposes of recording the
9  testimony of deposition witnesses and preparing a written or videotaped record of testimony;
10        (h)    Independent copying services, independent computer consulting and support services,
11 independent translators, independent exhibit makers, and other independent litigation support services
12 retained for purposes of this litigation;
13        (i)    Any person who is the author or addressee of any Document or a person who, as a
14 matter of record, has actually received any Document designated as Confidential other than through
15 discovery or through attorney-client communications relating to litigation or legal advice; and
16        (j)    Any other person who is designated by written stipulation of the Parties to have access
17 to Confidential Discovery Materials, or by order of the Court after notice to all Parties upon a showing of
18 good cause why such person shall be so designated and opposing parties have had an opportunity to be heard
19 in opposition thereto.
20   3.4   Subject to the terms, conditions, and restrictions of this Order, Restricted Discovery Materials
21 may be Disclosed only to the following persons and only to the extent such persons have a legitimate need to
22 know the particular Restricted Discovery Materials Disclosed to them:
23        (a)    Persons employed by the Court and jury in connection with the handling of this action;
24        (b)    Attorneys of Record;
25        (c)    Employees of the Attorneys of Record working under the direct supervision of such
26 Attorneys of Record;
27        (d)    Outside experts or consultants, to the extent Attorneys of Record determine in good
28 faith that such Disclosure is required to assist in the prosecution, defense or resolution of this action on a

1  need-to-know basis, provided that (i) the Attorneys of Record not less than five (5) days prior to any
2  disclosure give written notice to the opposing party that Restricted Discovery Materials will be shown to an
3  expert or consultant and confirming that such expert or consultant is not presently employed, nor employed
4  within the last four years, by a collection agency that handles credit cards, medical accounts,
5  personal/signature loans, mortgages, educational, and/or medical debts, (ii) the aforementioned notice to the
6  opposing party need not identify the expert or consultant by name, (iii) prior to any disclosure the Attorney
7  of Record must obtain such expert's or consultant's agreement to the Non-Disclosure Agreement described in
8  paragraph 3.6 below, (iv) file the executed Non-Disclosure Agreement under seal with the Court within ten
9  (10) days accompanied by a written statement briefly setting forth the need-to-know basis for the disclosure,
10 and (v) serve the opposing party with a proof of service memorializing the filing under seal of the executed
11 Non-Disclosure Agreement and written statement;

12             (e)    Certified shorthand reporters and videotape operators for the purposes of recording the
13 testimony of deposition witnesses and preparing a written or videotaped record of testimony;

14             (f)    Any person who is the author or addressee of any Document or a person who, as a
15 matter of record, has actually received any Document designated as Restricted other than through discovery
16 or through attorney-client communications relating to litigation or legal advice; and

17             (g)    Any other person who is designated by written stipulation of the Parties to have access
18 to Restricted Discovery Materials, or by order of the Court after notice to all Parties upon a showing of good
19 cause why such person shall be so designated and opposing parties have had an opportunity to be heard in
20 opposition thereto.

21       3.5    Before Disclosing any Confidential Discovery Materials to any person specified in paragraphs
22 3.3 (d), (e), (f), (g), (h) and (j), above, discovering counsel shall advise said persons of this Order and said
23 person must agree in writing to the Non-Disclosure Agreement attached hereto as Exhibit A, which states
24 that such persons agree (1) to be bound by the terms hereof, (2) to maintain and receive Confidential
25 Discovery Materials in confidence, and (3) not to Disclose the received Confidential Discovery Materials to
26 anyone other than in accordance with the terms of this Order. All deposition witnesses to whom
27 Confidential Discovery Materials are Disclosed at deposition are hereby ordered (1) to maintain the received
28 Confidential Discovery Materials in confidence and (2) not to Disclose the received Confidential Discovery

1  Materials to anyone other than in accordance with the terms of this Order. Each party shall maintain a file
2  containing such certifications and, upon request, forward those certifications to the Producing Party within
3  ten (10) days of such request, except outside experts or consultants. The Non-Disclosure Agreements for
4  experts and consultants shall be handled in the manner described in paragraph 3.3 (f).

5　　　　3.6　　Before Disclosing any Restricted Discovery Materials, or the contents thereof, to any person
6  specified in paragraphs 3.4 (c), (d), (e) and (g), above, discovering counsel shall advise said persons of this
7  Order and said person must agree in writing to the Non-Disclosure Agreement attached hereto as Exhibit A,
8  which states that such persons agree (1) to be bound by the terms hereof, (2) to maintain and receive
9  Restricted Discovery Materials in confidence, and (3) not to Disclose the received Restricted Discovery
10 Materials to anyone other than in accordance with the terms of this Order. All deposition witnesses to whom
11 Restricted Discovery Materials are Disclosed at deposition are hereby ordered (1) to maintain the received
12 Restricted Discovery Materials in confidence and (2) not to Disclose the received Restricted Discovery
13 Materials to anyone other than in accordance with the terms of this Order. Each party shall maintain a file
14 containing such certifications and, upon request, forward those certifications to the Producing Party within
15 ten (10) days of such request except for outside experts or consultants. The Non-Disclosure Agreements for
16 experts and consultants shall be handled in the manner described in paragraph 3.4 (d).

17　　　　3.7　　Any party desiring to designate particular Discovery Materials as Confidential Discovery
18 Materials must place upon such materials in a conspicuous manner a marking which reads:
19 "CONFIDENTIAL." In the event that only a portion of the Discovery Materials is to be designated as
20 Confidential, the party shall so designate by either bracketing the Confidential portions of any Discovery
21 Materials or otherwise informing the requesting party which portions are to be Confidential.

22　　　　3.8　　Any party desiring to designate particular Discovery Materials as Restricted Discovery
23 Materials must place on such materials in a conspicuous manner a marking which reads: "RESTRICTED
24 ACCESS." In the event that only a portion of the Discovery Materials is to be designated as Restricted, the
25 party shall so designate by either bracketing the Restricted portions of any Discovery Materials or otherwise
26 informing the requesting party which portion is to be Restricted.

27　　　　3.9　　Discovery Materials disclosed at a deposition may be designated by a party as Confidential or
28 Restricted by indicating on the record at the deposition that the specific part of the testimony and/or any

1  exhibits marked for identification is Confidential or Restricted and is subject to the provisions of the Order.
2  In such situations, the questions and answers designated as Confidential or Restricted may be transcribed
3  separately from the remainder of the deposition. Counsel for any party may exclude from the room during
4  any portion of a deposition any person not entitled under this Order to receive Confidential or Restricted
5  Discovery Materials while such materials are being Disclosed and/or discussed. A party may also designate
6  Discovery Materials Disclosed at such depositions as Confidential or Restricted by notifying all Parties in
7  writing, within fifteen (15) days of receipt of the transcript by the Attorneys of Record for the designating
8  party, of the specific pages and lines of the transcript which contain Confidential or Restricted Discovery
9  Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy
10  thereof in his or her possession, custody or control. During such fifteen (15) day period, all Discovery
11  Materials shall be treated as Restricted.

12      3.10    Any documents containing designated Confidential Discovery Materials that are filed or
13  lodged with the Court in connection with any discovery motions (e.g., memoranda, declarations or exhibits
14  thereto) shall be filed or lodged under seal. Any documents containing designated Confidential Discovery
15  Materials that are filed or lodged with the Court in connection with any pretrial proceedings other than
16  discovery motions, or trial proceedings, shall be filed or lodged under seal in accordance with the provisions
17  of Rule 26(c)(7), (8) Fed. R. Civ. P. Upon receipt by the clerk of Documents containing designated
18  Confidential Discovery Materials, the clerk shall place the filing in a sealed envelope or other appropriately
19  sealed container, which the requesting party shall furnish to the clerk, on which shall be endorsed the title of
20  this litigation, an indication of the nature of the contents of such envelope or other container, the notation
21  "CONFIDENTIAL" and a statement that reads:

22      "Shana Y. Dunn v. Creditors Interchange Receivables Management, LLC; Ken Cashman, an
23  individual; Shawn Martin, an individual; and Does 1-10 inclusive" Civil Case No. ED CV 07-01197 VAP
24  (Opx)

25

26      CONFIDENTIAL
27      THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION
28      SUBJECT TO A PROTECTIVE ORDER ISSUED BY THIS COURT, AND IT

1  IS NOT TO BE OPENED EXCEPT IN STRICT COMPLIANCE WITH THE
2  TERMS AND CONDITIONS OF SUCH PROTECTIVE ORDER

4  3.11   Any documents containing designated Restricted Discovery Materials that are filed or lodged with the Court in connection with any discovery motions (e.g., memoranda, declarations or exhibits thereto) shall be filed or lodged under seal.  Any documents containing designated Restricted Discovery Materials that are filed or lodged with the Court in connection with any pretrial proceedings other than discovery motions, or trial proceedings, shall be filed or lodged under seal in accordance with the provisions of Rule 26(c)(7), (8), Fed. R. Civ. P.  Upon receipt of Documents by the clerk containing designated Restricted Discovery Materials, the clerk shall place the filing in a sealed envelope or other appropriately sealed container, which the requesting party shall furnish to the clerk, on which shall be endorsed the title of this litigation, an indication of the nature of the contents of such envelope or other container, the notation "RESTRICTED ACCESS" and a statement that reads:

"Shana Y. Dunn v. Creditors Interchange Receivables Management, LLC; Ken Cashman, an individual; Shawn Martin, an individual; and Does 1-10 inclusive" Civil Case No. ED CV 07-01197 VAP (Opx).

CONFIDENTIAL
THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION
SUBJECT TO A PROTECTIVE ORDER ISSUED BY THIS COURT,
AND IT IS NOT TO BE OPENED EXCEPT IN STRICT COMPLIANCE
WITH THE TERMS AND CONDITIONS OF SUCH PROTECTIVE ORDER

3.12   By making any such Confidential or Restricted Discovery Materials available during the course of this litigation, the Producing Party does not waive any trade secret or other confidential protection that might otherwise be afforded over those materials.  Furthermore, by designating any Discovery Materials "Confidential" or "Restricted," the Parties do not acknowledge that any such Discovery Materials are relevant or discoverable in this action.  This Order shall not constitute a waiver of any right to seek discovery

1  of, or alternatively to resist discovery of, any material in this action.

2      3.13   Inadvertent failure to designate Discovery Materials as Confidential or Restricted at the time
3  of production may be remedied by supplemental written notice. If such notice is given, the identified
4  materials shall thereafter be fully subject to this Order as if they had initially been designated as Confidential
5  or Restricted Discovery Materials, provided that there shall be no sanction for any use or disclosure of such
6  material prior to designation. The inadvertent Disclosure by the Producing Party of Confidential or
7  Restricted Discovery Materials, regardless of whether such materials were so designated at the time of
8  Disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to
9  the specific Discovery Materials Disclosed or as to any other Discovery Materials relating thereto or on the
10 same or related subject matter.

11     3.14   If a party receiving Confidential or Restricted Discovery Materials desires to Disclose any
12 part of them in any manner not in accordance with the terms of this Order, the party seeking to make such
13 Disclosure shall obtain the written agreement of the Producing Party to so proceed or, in the absence of such
14 agreement, shall seek the approval of the Court by way of a motion filed with the Court.

15     3.15   This Order is without prejudice to any party's right to assert the attorney-client, work-product
16 or other privileges or doctrines, or to any party's right to contest the designation of Confidential or Restricted
17 Discovery Materials. A party shall not be obligated to challenge the designation of any particular discovery
18 material as being confidential or restricted at the time such designation is made and failure to do so shall not
19 preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in
20 these proceedings with the designation by the producing party of discovery materials as being confidential or
21 restricted, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the
22 dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. Any objections to
23 such a designation, when made, shall be in writing and shall specify the nature of any objection. The
24 designating party shall have the burden of proof as to the restricted nature of any designated Confidential or
25 Restricted Discovery Materials. Any designated Confidential or Restricted Discovery Materials shall remain
26 as such under the terms of this Order until the Court makes a determination otherwise.

27     3.16   Nothing in this Order restricts or affects the rights of the Producing Party to use or disclose
28 any Documents produced by such party.

3.17    All Discovery Materials provided by nonparties may be made, by separate written agreement, specifically subject to the terms of this Order. Such nonparties and/or the Parties may designate Discovery Materials as Confidential or Restricted in accordance with this Order. Any designation by such nonparties shall have the same force and effect as if made pursuant to the terms of this Order. The provisions of paragraph 16 relating to a challenge on the assertion of Confidential or Restricted status shall apply to Discovery Materials designated Confidential or Restricted by nonparties.

3.18    At the conclusion of all pending litigation to which this Protective Order applies, including other litigation as set forth in Paragraph 2, including any appeals from any judgment or order entered by the Court and any retrial. At the request of the Producing Party, the receiving party shall forward all executed Non-Disclosure Agreements to the Producing Party within thirty (30) days and, at its option, within thirty (30) days either: (1) destroy all received Confidential or Restricted Discovery Materials by such party and shall certify in writing that such destruction has occurred; or (2) return all received Confidential or Restricted Discovery Materials to the Producing Party and certify in writing that all such Discovery Materials have been returned. If the Producing Party is not notified of which option the discovering party has chosen, it will be presumed that option (1) was chosen. Upon written request of the Producing Party, the discovering party shall confirm that one of the foregoing options has been implemented. However, notwithstanding any other provision of this paragraph, all Confidential and/or Restricted Discovery Materials shall remain subject to this Order.

3.19    This Order shall be without prejudice to the right of the Parties or any third person to request additional protection under applicable laws for discovery requests hereafter by any party.

3.20    This Order shall continue to be binding after the conclusion of this litigation. The Court shall retain jurisdiction to enforce this Order.

3.21    Nothing in this Order shall be construed (a) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from continuing to use any information known or used by it if such information is lawfully obtained by the party other than through discovery of the producing party. Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through

1   discovery of a non-producing party.
2      3.22   A good faith attempt shall be made by the producing party to limit the amount of discovery
3   material designated as confidential or restricted.
4      3.23   For purposes of this Protective Order, attorneys of record shall include, but are not limited to,
5   partners, associates, and other attorneys employed by the following firms:
6         (a)   The Law Offices of Eric F. Fagan;
7         (b)   Lewis Brisbois Bisgaard & Smith LLP..
8   //
9   //
10  //
11  //
12  //
13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

## STIPULATION

It is hereby Stipulated by and between the parties for a Protective Order regarding the confidentiality of documents and materials.

DATED: February 14, 2008

LAW OFFICES OF ERIC F. FAGAN

By *M*
Mary G. Thompson
Attorney for Plaintiff Shana Y. Dunn

DATED: February 14, 2008

LEWIS BRISBOIS BISGAARD & SMITH LLP

By *Sondra R Levine*
Tim J. Vanden Heuvel
Sondra R. Levine
Attorneys for Defendant Creditors Interchange Receivables Management

EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _David Peltan_, hereby certify my understanding that Confidential or Restricted Discovery Materials are being provided to me pursuant to the terms and restrictions of an Order entered by order of the United States District Court for the Central District of California, (the "Court") in connection with an action entitled "Shana Y. Dunn v. Creditors Interchange Receivables Management, LLC; Ken Cashman, an individual; Shawn Martin, an individual; and Does 1-10 inclusive" Civil Case No. ED CV 07-01197 VAP (Opx).

I further certify that I have been provided a copy of and have read the Order and hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable as contempt of court.

Dated: _February 8, 2008_

Signature _David G. Peltan as House Counsel for Creditors Interchange_

827-4619-0338.1          12

EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, Shana Dunn, hereby certify my understanding that Confidential or Restricted Discovery Materials are being provided to me pursuant to the terms and restrictions of an Order entered by order of the United States District Court for the Central District of California, (the "Court") in connection with an action entitled "Shana Y. Dunn v. Creditors Interchange Receivables Management, LLC; Ken Cashman, an individual; Shawn Martin, an individual; and Does 1-10 inclusive" Civil Case No. ED CV 07-01197 VAP (Opx).

I further certify that I have been provided a copy of and have read the Order and hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable as contempt of court.

Dated: 2/7/08

Signature